UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 05-186

KERRY DECAY                             SECTION: "J"


**ORDER**

Before the Court is Defendant-Petitioner, Kerry Decay's ("Decay") **Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. 323).** Specifically, Decay seeks to have the collateral attack and appeal waivers struck from his plea agreement and to have an amended judgment entered so that he might appeal his sentence as imposed by this Court (Rec. Docs. 286 & 326) subsequent to his guilty plea. Decay requests such relief based on claims that his Fifth Amendment right to due process and Sixth Amendment right to effective assistance of counsel were violated when he (1) entered a collateral attack waiver unknowingly and unintelligently as the direct result of ineffective counsel; (2) unknowingly and unintelligently entered the appeal waiver as a direct result of ineffective assistance of counsel; and (3) agreed to plead after he asked about and his counsel refused to discuss any possibility of appealing his sentence.

Under the Supreme Court's decision in Roe v. Flores-Ortega, 528 U.S. 470 (2000), even when a defendant pleads guilty and has

validly waived appeal and collateral attack of his plea and sentence, "if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." Tapp, 491 F.3d at 266. Likewise, even if a defendant did not request an appeal, "[if] counsel did not consult with the defendant by advising the defendant about the advantages and disadvantages of appealing and making a reasonable effort to discover defendant's wishes, the court must determine whether counsel's failure to consult with the defendant itself constitutes deficient performance." Flores-Ortega, 528 U.S. at 478. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480; United States v. Hutchinson, 2007 WL 2127598, *2 (E.D. La. 2007).

In either case, if the record before the Court does not conclusively show by a preponderance of the evidence that the defendant requested that his counsel file an appeal or that counsel did not confer with the defendant as required by the Constitution and Flores-Ortega, a § 2255 motion should not be

denied unless the court holds an evidentiary hearing on the issue of whether the defendant requested an appeal or whether counsel properly advised under Flores-Ortega.  See Tapp, 491 F.3d at 266.  The Court finds that Decay has not made a showing by a preponderance of the evidence as to whether he requested an appeal or whether his counsel adequately consulted with him regarding an appeal according to the dictates of Flores-Ortega.  Accordingly,

**IT IS ORDERED** that an evidentiary hearing will be held regarding Decay's motion for habeas relief under 28 U.S.C. § 2255 on **Thursday, April 9, 2009 at 1:30 p.m.** to determine whether Decay requested an appeal or whether his counsel adequately consulted with him regarding the possibility of appeal under the Supreme Court's ruling in Flores-Ortega.

New Orleans, Louisiana this 28th day of January, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE